UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA A. NASH,

    Plaintiff,

v.                                                Case No:    6:18-cv-1712-Orl-37TBS

BANK OF AMERICA, N.A.,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the court for consideration of Plaintiff's Application to Proceed in District Court Without Prepayment of Fees, which I have construed as a motion for leave to proceed *in forma pauperis* (Doc. 3). Upon due consideration, I respectfully recommend that the motion be **denied** and this case be **dismissed** without leave to amend.

### Discussion

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id.

Federal district courts are courts of limited jurisdiction. As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Parties seeking to invoke a federal

district court's jurisdiction must show that the underlying claim is based upon diversity jurisdiction[1] or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review *sua sponte* whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff must also sufficiently plead the elements required for each of her causes of action alleged. "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324

---

[1] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a).

(1989). Still, the Supreme Court cautions that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327.

On October 12, 2018, Plainitff filed a petition for preliminary injunction in which she asks the court to enjoin Defendant, Bank of America, N.A. from foreclosing on her homestead (Docs. 1 and 2). The petition is difficult to follow but, from what I can gather, Plaintiff claims that Defendant's decision to invoke the acceleration clause in her mortgage agreement violates the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq*; the Interstate Commerce Clause, the Due Process Clause of the Fourteenth Amendment; and 42 U.S.C. § 1983 (Doc. 2, ¶¶ 10, 22). Plaintiff simply lists these laws. She has failed to allege the elements for any of her causes of action.[2] Plaintiff's failure to

---

[2] The elements of a Fair Debt Collection Practices Act claim are: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Smith v. ARS Nat. Servs. Inc., 102 F. Supp. 3d 1276, 1278 (M.D. Fla. 2015) (citing Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002)).

The Interstate Commerce Clause gives Congress the power to legislate. Hundertmark v. State of Florida Dept. of Transp., 205 F.3d 1272, 1274-1275 (11th Cir. 2000). Plaintiff has not alleged that she enjoys a private right of action under the clause.

Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of § 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred; it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The Court must therefore consider the specific federal rights Plaintiff claims she was deprived of by Defendant. Plaintiff has not alleged how Bank of America became a "state actor" and her underlying constitutional claim – violations of the Fourteenth Amendment – lacks the specificity required at this stage in the litigation.

The Fourteenth Amendment provides that "no State shall deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend XIV. Regardless of whether Plaintiff brings her claim on a procedural or substantive due process rationale, she is still required to show that a constitutionally protected property or liberty interest is at stake. See Amador v. Town of Palm Beach, No. 12-14567, 2013 WL 1748939, at *3 (11th Cir. April 23, 2013) (The Court recognized that the plaintiff must show that a "constitutionally protected property or liberty interest" was at stake to sustain his procedural due process claim.); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); Wright v. Chattahoochee Valley Cmty. Coll., No. 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008) ("To prevail on a substantive due process claim, a plaintiff must prove ... the existence of a protected property or liberty

allege facts sufficient to state a cognizable cause of action violates FED. R. CIV. P. 8(a)(2) and her *in forma pauperis* motion should be denied on this ground.

Plaintiff preemptively argues that the Rooker-Feldman doctrine does not apply to bar her attempt to state a cause of action in federal court (Doc. 2, ¶¶ 21-22). I disagree. The Rooker-Feldman doctrine provides that lower federal courts lack jurisdiction to review final judgments of state courts. The doctrine takes its name from two Supreme Court cases in which it was applied. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Supreme Court revisited the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). In a unanimous decision, the Supreme Court explained that the Rooker-Feldman doctrine applies when (1) the plaintiff lost in state court; (2) the plaintiff complains about an injury "caused by the state-court judgment[]"; (3) the state-court case ended before the plaintiff brought the federal case; and (4) the plaintiff invites the federal court to review and reject the state court judgment. Exxon Mobil Corp., 544 U.S. at 281, 284.

On October 18, 2017, the state court judge entered a final judgment for $71,864.20 against Ms. Nash in the foreclosure action brought by Bank of America.[3] Ms. Nash's appeal of that judgment remains pending in Florida's Fifth District Court of Appeal.[4] All four requirements for the application of the Rooker-Feldman doctrine are plainly satisfied in this case: (1) the state court judge ruled against Ms. Nash (2) now, she complains that

---

interest."). Plaintiff has not alleged that the injury she seeks to remedy is recognized by law to be a protected property or liberty interest

[3] https://courtrecords.seminoleclerk.org/civil/civil_details.aspx?d=wcSbLicjadqjoDO2l5mZew%3d%3d.

[4] http://onlinedocketsdca.flcourts.org/DCAResults/LTCases?CaseNumber=3604&CaseYear=2017&Court=5.

the state court proceedings violate her rights under the United States Constitution and the Fair Debt Collection Practices Act;[5] (3) the state court judgment was entered almost a year before this case was filed; and (4) Ms. Nash invites this federal Court to enjoin Bank of America from acting on a properly entered state court judgment. Ms. Nash's federal case is due to be dismissed on this ground.

## Recommendation

The defects in Ms. Nash's complaint are numerous, however, the two defects discussed above are fatal to her claims in this Court. And, I am not persuaded that she can amend her complaint to overcome the Rooker-Feldman doctrine. Consequently, I do not believe leave to amend should be granted. Now, I **respectfully recommend** that the Court **DENY** Ms. Nash's pending motion to proceed *in forma pauperis* (Doc. 3) and **DISMISS** this case without leave to amend.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

---

[5] Whether Bank of America complied with the Fair Debt Collection Practices Act is being litigated in state court as part of the foreclosure action (Doc. 2-5 at 3-4). This does not divest the state court of jurisdiction over the case. As the Supreme Court determined in Rooker, state courts are competent to decide issues of federal law that happen to arise in proceedings within their jurisdiction. 263 U.S. at 415.

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties