UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA A. NASH,

    Plaintiff,

v.                                          Case No:   6:18-cv-1712-Orl-37TBS

BANK OF AMERICA, N.A.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion for Entry of Default Against Defendant Bank of America for Failing to Respond to Plaintiff's Petition for Injunction (Doc. 6). Plaintiff served Defendant by sending it a copy of her petition by United States certified mail, return receipt requested (Id., ¶ 3; Doc. 6-1). The post office advises that Plaintiff's "item was delivered to the front desk or reception area at 4:23 pm on October 16, 2018 in MIAMI, FL 33130" (Doc. 6-1 at 2).

A plaintiff may serve a corporate defendant by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the

cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under FLA. STAT. 48.091.[1] See FLA. STAT. § 48.081. In Florida, the registered agent can be either an individual who resides in the state or another corporation authorized to conduct business in Florida. See FLA. STAT. § 607.0501(1)(b).

Plaintiff's motion does not mention a summons let alone the service of a summons on Defendant. And, the delivery by mail of a copy of her petition to the front desk or reception at one of Defendant's locations is insufficient to effect service of process. Accordingly, the motion **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Plaintiff

---

[1] FLA. STAT. § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if Balfour is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).