UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA A. NASH,

    Plaintiff,

v.                                Case No:   6:18-cv-1712-Orl-37TBS

BANK OF AMERICA, N.A.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff Linda A. Nash's unverified Motion for Recusal (Doc. 10). Defendant Bank of America, N.A. has filed a response in opposition to the motion (Doc. 16).

On October 18, 2017 the Florida state court entered a final judgment foreclosing Defendant's mortgage on Plaintiff's homestead (Doc. 4 at 4). Plaintiff has appealed that decision to Florida's Fifth District Court of Appeal and oral argument is set for February 2019[1] (Id.).

On October 12, 2018, Plaintiff instituted this case by filing a petition asking this Court to enjoin the foreclosure of her homestead by Defendant (Docs. 1-2). In her petition Plaintiff alleges that Defendant's decision to invoke the acceleration clause in her mortgage violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, the Interstate Commerce Clause, the Due Process Clause of the Fourteenth Amendment,

---

[1] http://onlinedocketsdca.flcourts.org/DCAResults/LTCases?CaseNumber=3604&CaseYear=2017&Court=5.

and 42 U.S.C. § 1983 (Doc. 2, ¶¶ 10, 22). She has requested leave of Court to proceed *in forma pauperis* (Doc. 3).

I reviewed Plaintiff's papers and entered a Report and Recommendation that Plaintiff's motion to proceed *in forma pauperis* be denied and her petition be dismissed (Doc. 4). My recommendation is based on my findings that Plaintiff's petition for the entry of a preliminary injunction fails to state a cause of action and her claims are barred by the Rooker-Feldman doctrine (Id.). I also recommended that Plaintiff not be given leave to amend her petition because I do not believe she can overcome the Rooker-Feldman doctrine (Id., at 5).

Plaintiff complains that my Report and Recommendation was filed before the Defendant had an opportunity to respond to her motion to proceed *in forma pauperis*. Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). I fulfilled this obligation when I entered my Report and Recommendation.

Plaintiff alleges that when I summarized the state court case in my Report and Recommendation I appeared to favor Defendant's position (Doc. 10 at 1). But, she has not identified any statements made by me that are incorrect or biased.

Plaintiff argues that the state court case is not relevant to this case (Id., at 1-2). This assertion is contradicted by the relief Plaintiff seeks in her petition. Moreover, in the introduction to her memorandum of law in support of her petition she states: "Plaintiff is seeking to stay of all proceedings is in the District Court of Appeals Fifth District of Florida Case No: 5D17-3604 do to Constitutional Violations." (Doc. 2 at 2). Plaintiff attached to

her memorandum of law copies of the promissory note, acceleration letter, state court complaint, a portion of the state court trial transcript, and the cover page of her brief to Florida's Fifth District Court of Appeal (Docs. 2-1-2-5).

My Report and Recommendation summarizes the FED. R. CIV. P. 8 pleading standard and acknowledges that district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff (Doc. 4 at 2). But, I also note that even *pro se* litigants must allege the essential elements of their claims for relief (Id.).

Plaintiff is concerned because I recommended that she not be given leave to amend her petition (Doc. 10 at 2). In my Report and Recommendation I explained:

> The Rooker-Feldman doctrine provides that lower federal courts lack jurisdiction to review final judgments of state courts. The doctrine takes its name from two Supreme Court cases in which it was applied. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Supreme Court revisited the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). In a unanimous decision, the Supreme Court explained that the Rooker-Feldman doctrine applies when (1) the plaintiff lost in state court; (2) the plaintiff complains about an injury "caused by the state-court judgment[]"; (3) the state-court case ended before the plaintiff brought the federal case; and (4) the plaintiff invites the federal court to review and reject the state court judgment. Exxon Mobil Corp., 544 U.S. at 281, 284.
>
> On October 18, 2017, the state court judge entered a final judgment for $71,864.20 against Ms. Nash in the foreclosure action brought by Bank of America. Ms. Nash's appeal of that judgment remains pending in Florida's Fifth District Court of Appeal. All four requirements for the application of the Rooker-Feldman doctrine are plainly satisfied in this case: (1) the state court judge ruled against Ms. Nash (2) now, she complains that the state court proceedings violate her rights under the United States Constitution and the Fair Debt Collection Practices Act; (3) the state court judgment was entered almost a year before this case was filed; and (4) Ms. Nash invites this federal Court to enjoin Bank of America from

> acting on a properly entered state court judgment. Ms. Nash's federal case is due to be dismissed on this ground.

(Doc. 4 at 4-5) (footnotes omitted). I recommended that Plaintiff not be given leave to amend because "I am not persuaded that she can amend her complaint to overcome the Rooker-Feldman doctrine." (Id., at 5). Of course, the ultimate decision on this issue will be made by the district judge.

A federal judge must disqualify himself from a proceeding in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. 455(b)(1). "[T]he standard for determining whether a judge should disqualify himself under § 455 is an objective one [that asks] whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing Hepperle v. Johnston, 590 F.2d 609, 614 (5th Cir. 1979)). "Section 455 does not require the judge to accept all allegations by the moving party as true." Id. Indeed, "[i]f a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." Id. (citing Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014 (5th Cir. 1981)). Rather, "[a] charge of partiality must be supported by some factual basis," and "[r]ecusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)). "Likewise, rumor ... beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters are generally insufficient." Del Fuoco v. O'Neill, No. 8:09-cv-1262-T-27MAP, 2010 WL 454930, at *5 (citing United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)).

Plaintiff's unverified motion for recusal simply expresses her dissatisfaction with my Report and Recommendation. She has failed to demonstrate that any reasonable person, knowing all the facts, would conclude that my partiality can reasonably be questioned. See Greenough, 782 F.2d at 1558; see also Del Fuoco, 2010 WL 454930, at *5 ("Plaintiff's subjective concerns are simply insufficient from the perspective of a reasonable informed person."). As a result, the motion falls short of the standards required for recusal and accordingly, it is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff
    Counsel of Record