UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA A. NASH,

        Plaintiff,

v.                                                           Case No. 6:18-cv-1712-Orl-37TBS

BANK OF AMERICA, N.A.,

        Defendant.
_____

## **ORDER**

*Pro se* Plaintiff Linda A. Nash ("**Nash**") initiated this Fair Debt Collection Practices Act ("**FDCPA**") action on October 12, 2018, seeking a preliminary injunction to stay all state court proceedings related to her property and to prevent foreclosure. (Doc. 1 ("**Petition**"); Doc. 2.) Nash also filed a motion for leave to proceed *in forma pauperis* (Doc. 3 ("**IFP Motion**")), triggering review of the Petition under 28 U.S.C. § 1915(e)(2)(B). On review, U.S. Magistrate Judge Thomas B. Smith recommended: (1) dismissing the Petition without leave to amend; and (2) denying the IFP Motion. (*See* Doc. 4 ("**R&R**").) In response, Nash filed an objection to the R&R (Doc. 5 ("**Objection**")), [1] and Defendant Bank of America, N.A. ("**Bank of America**") responded (Doc. 12). On de novo review, the Court finds that the Objection is due to be overruled, the R&R adopted, the Petition dismissed with prejudice, and the IFP motion denied.

---

[1] Nash also filed a "Supplement" to her Objection. (Doc. 8.) However, as it is untimely and submitted without a motion for leave to supplement, the Court declines to consider that filing.

## I. BACKGROUND

### A. Plaintiff's Allegations

The action arises from Nash's loan on a property in Winter Park, Florida. (*See* Doc. 2.) Bank of America filed a mortgage foreclosure action regarding that property in state court on November 2, 2011. (Doc. 2-1.) Nash seeks to stay all proceedings in state court and prevent Bank of America from foreclosing on her property because of "Constitutional Violations." (Doc. 2, ¶ 7.) Specifically, Nash contends that Bank of America engaged in "abusive, deceptive, and unfair practices" when it invoked the acceleration clause of her mortgage agreement in violation of the FDCPA, the Due Process Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983. (*Id.* ¶¶ 9–14, 22.)

### B. R&R

Magistrate Judge Smith recommends denying the IFP Motion and dismissing the case without leave to amend for two reasons. (Doc. 4.) First, he found that Nash failed to allege the elements of any of her causes of action, so her Petition should be dismissed pursuant to Federal Rule of Civil Procedure 8(a)(2) for failure to allege facts sufficient to state a cognizable cause of action. (*Id.* at 3–4.)

Second, Magistrate Judge Smith found that the Petition should be dismissed under the *Rooker-Feldman* doctrine as the state court judge entered a final judgment in the foreclosure action against Nash on October 18, 2017 and Nash's appeal is currently pending before the Florida appellate court. (*Id.* at 4–6) Because Magistrate Judge Smith does not believe Nash could overcome the *Rooker-Feldman* doctrine, even upon amendment, he recommends dismissing the case without leave to amend and denying

the IFP Motion. (*Id.* at 5.)

C.	**Nash's Objection and Bank of America's Response**

Nash objected to the R&R, arguing that the *Rooker-Feldman* doctrine does not apply because her FDCPA and other claims are "totally separate and distinct from the foreclosure action cases." (Doc. 5, ¶ 3.).[2] As a result, Nash asserts that the R&R should be rejected. (*Id.* at 10) With this Objection and Bank of America's response (Doc. 12), the matter is ripe.

II.	**LEGAL STANDARDS**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the

---

[2] Although Nash's Petition includes claims under the FDCPA, 42 U.S.C. § 1983, and the Fourteenth Amendment, the Objection is entirely dedicated to the FDCPA claim. (*See* Doc. 8.) Nash only mentions in passing that she "also has a valid claim pursuant to 42 [U.S.C. §] 1983." (*Id.* ¶ 14.) But Nash offers no support for that conclusory allegation, and a cursory review of the Petition and R&R reveals that any attempt to assert either a § 1983 or Fourteenth Amendment claim fails. (*See* Docs. 1, 2, 4.) Thus, the Court considers the Objection only in relation to the FDCPA claim. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections need note be considered by the district court.")

record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

Before a plaintiff may proceed without paying a filing fee—as Nash seeks to do in this case (*see* Doc. 3)—the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). If a complaint fails to state a claim, the court must dismiss it. *Id.* § 1915(e)(2)(B)(ii). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Weakley v. Connolly*, 714 F. App'x 972, 973 (11th Cir. 2018)[3]; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) . . . .").

To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In testing the sufficiency of a complaint, courts do not consider other matters outside the four corners of the pleading and must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

(11th Cir. 2016); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Nash's Objection attacks the R&R's findings regarding the application of the *Rooker-Feldman* doctrine to her claims. (Doc. 5.) The *Rooker-Feldman* doctrine limits the jurisdiction of district courts by "prevent[ing] the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018).

The Supreme Court limited the applicability of *Rooker-Feldman*, clarifying that it "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281, 284 (2005). In determining whether the action "invite[s] rejection of a state court decision," courts consider "whether a claim was either (1) one actually adjudicated by a state court or (2) one 'inextricably intertwined' with a state court judgment." *Target Media Partners*, 881 F.3d at 1286 (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)). A claim is "'inextricably intertwined' if it asks to 'effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting *Casale*, 558 F.3d at 1260).

Upon review, the Court agrees with Magistrate Judge Smith. Nash's Petition falls squarely within the purview of the *Rooker-Feldman* doctrine as: (1) Nash lost in state court; (2) she alleges that the state court judgment violates her rights; (3) the state court judgement was entered well before she filed the instant action; and (4) Nash wants this

Court to enjoin Bank of America from acting on the state court judgment. (*See* Docs. 1, 2, 5.) The last is the only element meriting discussion. However, to the extent Nash argues that she is not inviting the rejection of a state court decision, that argument fails. Bank of America's alleged violation of the FDCPA was litigated as part of the state foreclosure action (*see* Doc. 2-5, pp. 3–4), and thus the Court would necessarily reject the state court's ruling should it find Nash's arguments availing. So, because the *Rooker-Feldman* doctrine bars Nash's claims, the Objection is due to be overruled and Magistrate Judge Smith's R&R adopted in its entirety.

## IV. Conclusion

Having conducted an independent, de novo review of the portions of the record to which Nash objected, the Court agrees with the findings and conclusions set forth in the R&R. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Linda A. Nash's Objection to Report and Recommendation of Magistrate (Doc. 5) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 4) is **ADOPTED, CONFIRMED,** and made a part of this Order.

3. Plaintiff Linda A. Nash's Petition for Preliminary Injunction (Doc. 1) is **DISMISSED WITH PREJUDICE.**

4. Plaintiff Linda A. Nash's motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**.

5. The Clerk is **DIRECTED** to **TERMINATE** any pending motions and deadlines and **CLOSE** the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* party